# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:02-CR-0216** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **CRAIG R. ESPIGH** | : | |

## ORDER

AND NOW, this 5th day of June, 2008, upon consideration of defendant's motion (Doc. 36) requesting a reduction of his sentence for his "incredibly 'lengthy and intense rehabilitative effort(s),'" and it appearing that the motion improperly refers to the retroactive two-level reduction for sentences based on crack cocaine convictions,[1] see 18 U.S.C. § 3582(c)(2), and that defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," see id.,[2] it is hereby ORDERED that the motion for sentence reduction (Doc. 36) is DENIED.[3]

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] This reduction is not appropriate in the instant matter because defendant was convicted of bank robbery and possession of a firearm during and in relation to a crime of violence.

[2] Along with referring to the two-level reduction for crack cocaine convictions, the motion refers to 18 U.S.C. § 3553. This section, however, does not provide authority to reduce a previously imposed sentence.

[3] The court would be remiss if it did not acknowledge defendant's rehabilitative efforts while in prison. (See Doc. 38.) In addition, the court commends those who have written on behalf of defendant for their continued support of him.